TALLMAN, J.,
Concurring in part, dissenting in part.
I believe the ALJ did not err in discrediting Whitehorn’s subjective complaints and would affirm that portion of his judgment. Therefore, I respectfully dissent.
The majority is correct that “[ojnce a claimant has established a medical basis for a particular symptom, the ALJ can only reject reports of such a symptom ‘by offering specific, clear and convincing reasons for doing so.’ ” Maj. Disp. at 680 (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir.2007)). However, I disagree with the majority’s conclusion that the ALJ failed to state adequate clear and convincing reasons for disbelieving Whitehorn’s testimony.
Social Security Ruling 96-7p sets forth factors which an ALJ may consider when disregarding a claimant’s subjective complaints. The ALJ specifically referred to 96-7p in his decision and discussed the factors presented therein. These factors include:
1. The individual’s daily activities;
2. The location, duration, frequency, and intensity of the individual’s pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication the indi *682 vidual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning the individual’s functional limitations and restrictions due to pain or other symptoms.
Soc. Sec. Ruling 96-7p, 1996 WL 374186; see also Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir.1996). These factors are then balanced against the whole of the record to determine whether a grant of benefits is warranted. See Soc. Sec. Ruling 96-7p (“Assessment of the credibility of an individual’s statements about pain or other symptoms and about the effect the symptoms [has] on his or her ability to function must be based on a consideration of all of the evidence in the case record.”). The ALJ may then disregard the totality of the claimant’s testimony or any part thereof. Id.
Here, in finding Whitehorn “not fully credible,” the ALJ considered the factors promulgated by SSR 96-7p. First, he adequately discussed whether Whitehorn’s daily activities evidenced disability. He found that Whitehorn’s statements were contradictory because she complained that “her hands shake, she cannot write, and she cannot perform fine motor tasks.” However, she also claimed that she engaged in activities that clearly required fine motor skills. While the majority states “there is no indication that White-horn engaged in such activities in the fifteen to twenty-five minutes after a treatment, which was the reported duration of the shaking episodes,” we are not to substitute our own judgment for that of the ALJ when the record could be read in different ways. See Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir.1982) (“Where evidence is susceptible of more than one rational interpretation, it is the ALJ’s conclusion which must be upheld.”).
The ALJ also considered the effectiveness and dosage of Whitehorn’s prescriptions. He noted that “not only was [Whitehorn] responding positively to her medication regimen, her spirometry tests were quite good,” indicating that her condition improved with the medication. Then, because of this vast improvement in her spirometry tests, Whitehorn’s treating physician “did not change [Whitehorn’s] regimen, because [she] was doing so well.” The fact that Dr. Strong did not change the type or increase the dosage of White-horn’s medications conflicts with her claim of total disability.
Finally, non-compliance with recommended treatments may be considered by the ALJ in his credibility determination. See Tonapetyan v. Halter, 242 F.3d 1144, 1147-48 (9th Cir.2001) (approving this reason for disbelieving a claimant). The ALJ considered Whitehorn’s compliance with her medications and her inability to follow her doctor’s instructions. He noted that she was not always compliant with the medical regimen, yet she markedly improved with the assistance of her medicines. The record also indicates that her treating physician, Dr. Strong, noted that Whitehorn did not always follow the prescribed course in taking her medication and further stated that Whitehorn might notice improved results should she comply. I think this is a “clear and convincing” reason for disregarding Whitehorn’s subjective complaints that she was totally disabled.
*683 Because the ALJ stated clear and convincing reasons for discrediting White-horn’s testimony, as required by both the Social Security Regulations and our case law, and because his determination was adequately supported by the record, I respectfully dissent.